ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY 07 2010

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KEVIN KIMMEL and RALPH KEYES, on their own behalf and on behalf of others similarly situated,

    Plaintiff(s),

vs.

VENTURE CONSTRUCTION COMPANY,

    Defendant.         /

CASE NO.: **-RLV**

**1:10-CV-1388**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KEVIN KIMMEL and RALPH KEYES, on their own behalf and on on behalf of those similarly situated ("Plaintiffs"), were employees of Defendant, VENTURE CONSTRUCTION COMPANY, ("Defendant" or "Venture"), and brings this action for unpaid overtime compensation, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

### I. NATURE OF SUIT

The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered

1

workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

1. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

2. This action is intended to include each and every construction superintendent who worked for the Defendant **nationwide** at any time within the past three (3) years.

## II. PARTIES

3. Plaintiff Kimmel, was a construction superintendent and performed related activities for Defendants from approximately 1998 through May 2008.

4. Plaintiff Keyes, was a construction superintendent and performed related activities for Defendants for approximately twenty-one (21) years through August 2009.

5. Defendant, VENTURE CONSTRUCTION COMPANY, has its American headquarters in Norcross, Georgia, therefore venue is proper in the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## III. JURISDICTION

6. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1337 and the FLSA.

7. The Court has the authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

### IV. COVERAGE

8.     At all material times during the last three years, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

9.     At all material times during the last three years, Defendant was an employer as defined by 29 U.S.C. § 203(d).

10.    At all material times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the Act, in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

11.    As part of its regular and recurring business activities, Defendant ordered and used goods and materials such as lumber, heavy-equipment,

vehicles, plumbing supplies, paper, checks, telephones, computers, pencils, pens, gasoline, etc. that have previously moved through commerce.

## V. FACTUAL ALLEGATIONS

12. Defendant provides construction services to various customers nationwide.

13. Defendant has offices and provides its construction services in several states including Georgia, Virginia, North Carolina, and Florida.

14. Plaintiff, KEVIN KIMMEL, was employed by Defendant as a construction superintendent from approximately March 1998 through May 2008.

15. Plaintiff, RALPH KEYES, was employed by Defendant as a construction superintendent for approximately twenty-one (21) years through May 2008.

16. Plaintiffs, and those similarly situated to them, were paid weekly salary in exchange for work performed.

17. Plaintiffs and those similarly situated to them, routinely worked in excess of forty (40) hours per week as part of their regular job duties.

18. Plaintiffs' primary job duty involved non-exempt job duties.

19. Plaintiffs' were primarily responsible for performing quality control work and ensuring that the construction work performed by subcontractors complied with specifications.

20. Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiffs, and those similarly situated to them, overtime compensation at a rate of time and a half their regular rate of pay for hours worked over forty in a workweek.

21. Defendant has employed and is employing other individuals as construction superintendents who perform(ed) the same or similar job duties under the same pay provision as Plaintiffs and the class members.

## VI. COLLECTIVE ACTION ALLEGATIONS

22. Plaintiffs and the class members performed the same or similar job duties as one another in that they provided construction services for Defendant.

23. Further, Plaintiffs and the class members were subjected to the same pay provisions in that they were paid a salary and not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek.

24. Thus, the class members are owed overtime wages for the same reasons as Plaintiffs.

25. Defendant's failure to compensate employees for hours worked in excess of 40 hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that construction superintendents are paid for overtime hours worked based on the Defendant's erroneous misclassification of its construction superintendents as exempt from overtime.

26. This policy or practice was applicable to Plaintiffs and the class members. Application of this policy or practice does not depend on the personal circumstances of Plaintiffs or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiffs applies to all class members and was formed without regard to their individual circumstances. Accordingly, the class members are properly defined as:

> **All construction superintendents who worked at Defendant's construction sites nationwide within the last three years who were not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek**

27. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiffs and the class members.

28.     Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

29.     During the relevant period, Defendant violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

30.     Defendant did not maintain and keep accurate time records as required by the FLSA for Plaintiffs.

31.     Also, Defendant failed to post required FLSA informational listings as required by law.

32.     As a result of Defendant's willful violation of the FLSA, Plaintiffs are entitled to liquidated damages.

33.     Defendant has acted willfully in failing to pay Plaintiffs and the class members in accordance with the law.

## VII. RELIEF SOUGHT

Wherefore, Plaintiffs demand an Order awarding:

(a) payment of their, and all class members, overtime wages at the correct rate pursuant to 29 U.S.C. § 207(a)(1);

(b) an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b) or in the alternative pre-judgment and post-judgment interest at the highest rate allowed by law;

(c) declaratory relief pursuant to the DJA and FLSA finding that construction superintendents who worked at construction sites within the last three years were not paid overtime compensation at a rate of time-and-one-half for all hours worked as required by the Act:

(d) reasonable attorneys' fees and costs for all time worked by the attorneys of Morgan & Morgan in prosecuting this case pursuant to 29 U.S.C. § 216(b);

Plaintiffs also demand a trial by jury.

Dated this 7th day of May, 2010.

                         /s/ Deirdre M. Stephens Johnson
                         Deirdre M. Stephens Johnson, Esquire
                         GABN 678789
                         Morgan & Morgan, P.A.
                         191 Peachtree St. NE, Ste. 4200
                         Atlanta, GA 30303
                         Telephone: (404) 965-8811
                         Facsimile: (404) 965-8812
                         Email: djohnson@forthepeople.com
                         Attorneys for Plaintiff